# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                  Telephone: (212) 317-1200
New York, New York 10165                       Facsimile: (212) 317-1620

November 10, 2017

**VIA ECF**
Honorable J. Paul Oetken, U.S.D.J.
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

        **Re:**    Tapia, et al. v. Hu Holdings, LLC., et al.,
                  17-cv-1980 (JPO)

Your Honor:

        This office represents all of the Plaintiffs in the above-referenced matter. We write, with Defendants' counsel's consent, to respectfully request that the Court approve the parties' settlement of the above-referenced matter as a fair and reasonable resolution of a bona fide dispute in accordance with, *inter alia*, the Fair Labor Standards Act.

        The parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive discovery and settlement discussions. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, which was reached after extensive settlement discussions by the parties, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (U.S. 2016).

        The parties represent to the Court that while Plaintiffs believes that the settlement amount is less than what the Plaintiff would be entitled to if they prevailed on all of their claims at trial, the settlement is fair, as discussed herein.

**Background**

        Plaintiff were all delivery people who worked at the Defendant's restaurant on 78 Fifth Avenue, New York, NY 10011. This is a case where all of the Plaintiffs were similarly situated and required to work largely the same hours during the week and under the same conditions. None of the Plaintiffs alleged having worked overtime but rather allege to have been improperly paid with a tip credit and meal credit during their employ along with an allegation that some tips of catering orders were misappropriated.

        Under the Plaintiffs initial allegation, the back wages to compensate them for the tip and meal credit along with liquated damages were around $131,970.80 ($65,935.40 in unpaid minimum wages and another $65,935.40 for liquated damages). The potential notice and statement violations could have yielded another $100,000.00 in damages.

        Defendants produced records for all of the claimants which were rather comprehensive including weekly paychecks which documented each meal and tip deduction, records of all tips

Hon. J. Paul Oetken
November 10th, 2017
Page 2 of 5

collected, annual notices with accurate pay rates and deductions noted and documents recording all hours worked. Defendants claim that the records satisfy all of the state and federal requirements and protected the Defendant's eligibility to take all tip and meal credit deductions.

Notwithstanding the foregoing, the parties have weighed the risks of trial and costs of further litigation, after already having expended considerable time and resources producing responsive documents in this matter. Further discovery on the above issues would have led to protracted and even more costly litigation involving the depositions 20 Plaintiffs, three Defendants, and numerous current and/or former employees of Defendants. The parties instead agreed to settle the matter for an amount that is fair and reasonable before the use of additional extensive resources on both sides in further discovery and at trial. After considerable negotiations, including a settlement conference before Magistrate Judge Pitman on September 14, 2017, and a follow up call with Magistrate Judge Pitman on October 2, 2017, the parties reached an agreement to settle this action

**Settlement**

The parties have agreed to settle this action for the total sum of $150,000.00 which will be paid as outlined in **Exhibit A** attached to the Settlement Agreement. The Plaintiff estimated that in light of the comprehensive records produced by the Defendants and the anticipated testimony of the parties, should this case proceed to trial, Plaintiffs ran the legitimate risk of collecting much less than, if not none, of purported damages based upon their initial allegations. Defendants contend that Plaintiffs would be entitled to no damages at all given the documentation presented here.

One Hundred Thousand Dollars ($100,000.00) of the settlement amount will be paid to the Plaintiffs, distributed pro rata between the Plaintiffs as described in **Exhibit A** attached to the Settlement Agreement. This represents 100% of the alleged unpaid minimum wages along with nearly 50% of the liquidated damages all going to the Plaintiffs themselves.

The remaining third of the settlement Fifty-Thousand ($50,000.00) will be applied as attorneys' fees and costs, subject to the court's review and approval.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel';

Hon. J. Paul Oetken
November 10th, 2017
Page 3 of 5

and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to Plaintiffs. Plaintiff have been represented by experienced counsel throughout this lawsuit and have made an informed decision to settle the action at this stage of litigation without incurring the costs or encumbrance of lengthy litigation and trial. The $100,000.00 that they will be receiving accounts for the full amount of any alleged unpaid wages that they could have recovered had they been successful at trial, as well as a large portion of the liquidated damages. This recovery is also well over what Plaintiffs would recover if Defendants were to successfully utilize their documentation to prove that Defendants paid Plaintiffs in accordance with the law. Furthermore, the settlement agreement is the product of arm's-length bargaining between experienced counsels, reached after months of negotiation, a settlement conference with a Magistrate Judge, and the production of responsive records in Defendants' possession.

Furthermore this settlement amount was well within the range discussed during a court-mediated settlement conference held before Magistrate Judge Henry Pitman on September 14, 2017, with whom counsel for both sides discussed the evidentiary materials that the litigants expected to present at trial.

**Plaintiff's Attorneys' Fees Are Fair and Reasonable**

Under the settlement, Plaintiff's counsel will receive $50,000.00 from the settlement fund as attorneys' fees and costs, subject to review and approval of the court. This represents one third of the recovery in this litigation, a reduction in fees from what is identified in Plaintiff's retainer agreement, which provides that forty percent of Plaintiff's recovery will be retained by the firm. Therefore, Plaintiff has already agreed to a fee that is higher than is provided for in the settlement.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result due to the parties' cooperative exchange of information and frequent negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. His work is billed at $450 per hour. From 1983 to 2000,

Hon. J. Paul Oetken
November 10th, 2017
Page 4 of 5

>he was in-house Employment Counsel with International Business Machines Corporation (IBM).  Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

- Colin Mulholland is an associate with Michael Faillace & Associates since May of 2017.  He has been practicing law since February of 2013.  At his first firm, Heriberto A. Cabrera & Associates, Mr. Mulholland was the lead civil litigator on dozens of civil lawsuits which included over a dozen FLSA/NYLL claims where he performed as lead counsel for three and a half years.  He was an associate with Michael Lamonsoff & Associates for one year where he managed a case load of over 100 personal injury lawsuits.  He bills at a rate of $350 per hour.

It is fair and reasonable for Plaintiff's attorneys to receive one-third of the total settlement amount.  While the amount of the settlement that is going to attorneys' fees is more than the lodestar amount, " 'the most critical factor' in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff," Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008) (quoting Farrar v. Hobby, 506 U.S. 103,114 (1992)).  The percentage method provides a powerful incentive to attorneys for plaintiffs in contingency fee FLSA cases to obtain the highest possible settlement amount for their clients and to avoid unnecessary litigation in an effort to build up a lodestar.  *See* Hyun, 2016 U.S. Dist. LEXIS 39115, *7 (S.D.N.Y. Mar. 24, 2016) ("[T]he Court finds that the percentage method, which avoids the lodestar method's potential to 'create a disincentive to early settlement,' is appropriate") (quoting McDaniel v. City of Schenectady, 595 F.3d 411, 418 (2d Cir. 2010)).

Here, Plaintiffs were able to obtain a satisfactory outcome in a very brief period of time, with minimal encumbrance to their clients.  In addition, the costs and fees requested are in accordance with the Plaintiffs' engagement agreements with counsel, which provided that counsel would receive their reasonable attorney's fees and be reimbursed for costs incurred.  Therefore, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

**Conclusion**

Plaintiffs have been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on, *inter alia*, the recommendations of Magistrate Judge Pitman and the specific approval of our clients.  Plaintiffs' interests have thus been adequately safeguarded.

Hon. J. Paul Oetken
November 10th, 2017
Page 5 of 5


      In full consideration of the issues presented in *Cheeks,* we believe that the parties' Agreement is fair and reasonable, and that the settlement should be approved. A copy of the parties' Agreement is submitted herewith.

      Thank you for your consideration in this matter.

                                              Respectfully Submitted,

                                              /s/ Colin Mulholland, Esq.
                                              Michael Faillace, Esq.
                                              Michael Faillace & Associates, P.C.
                                              *Attorneys for Plaintiff*

cc:      Defendants' Counsel (via ECF)